IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO.  1:08CR63

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| HEIDI JAN MESSER ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's appeal from a detention order entered by the Magistrate Judge on October 16, 2008. For the reasons stated below, the Magistrate Judge's order is affirmed.

## I. PROCEDURAL HISTORY

Defendant, along with seven others, was indicted on June 3, 2008, and charged with one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846; and one count of using a communication facility in order to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b).  **Indictment, filed June 3, 2008, at 1-2.**  Defendant was arrested on June 12, 2008, and the

Magistrate Judge ordered that she be detained pending trial because she appeared to be a flight risk.  **Warrant for Arrest, filed June 16, 2008, at 1; Order of Detention Pending Trial, filed June 25, 2008, at 4.**

On July 30, Defendant moved for a reconsideration of the detention order, stating she was addicted to methamphetamine and desired to receive drug treatment services through the Community Housing and Matrix Program (CHAMP).  **Revised Motion for Change in Detention Status, filed July 30, 2008, at 1.**  The Government consented to her motion.  *Id.*  Following a hearing, the Magistrate Judge granted the motion and released Defendant to participate in the 90-day CHAMP program as soon as a bed became available.  **Order Setting Conditions of Release, filed August 13, 2008, at 2.**  Defendant was instructed that, upon the completion of her program, she should return for another detention hearing.  *Id.*  At the same hearing, the Court also accepted Defendant's guilty plea as to the conspiracy charge.  **Rule 11 Inquiry and Order of Acceptance, filed August 5, 2008, at 3.**

Defendant successfully completed CHAMP and returned for a further detention hearing on October 14, 2008.  **Exhibit 3, Memorandum from U.S. Probation Officer**, *attached to* **Notice of Appeal, filed October 16,**

**2008 (recommending conditional release pending sentencing if Defendant could find a suitable residence).** At the hearing, the Magistrate Judge ordered Defendant to be detained pending sentencing. **Order, filed October 16, 2008.** This appeal followed. **Notice of Appeal, *supra*.**

## II. STANDARD OF REVIEW

Detention orders entered by a magistrate judge are to be reviewed de novo. ***United States v. Clark*, 865 F.2d 1433, 1436 (en banc) (4th Cir.1989) ("A defendant ordered detained by a magistrate may seek de novo review in the district court.").**

## III. ANALYSIS

Following a prisoner's conviction or plea, the issue of his or her detention is governed by 18 U.S.C. § 3143.[1] Section 3143 provides, in pertinent part:

---

[1] Although section 3143 purports to apply only to those who have been "found guilty," the Court has previously concluded that the statute also encompasses defendants, such as Messer, who have entered guilty pleas. ***United States v. Luisa*, 266 F. Supp. 2d 440, 445 (W.D.N.C. 2003).**

>The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of a sentence be detained unless –
>
>(A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
>(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
>(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**18 U.S.C. § 3143(a)(2).** Section 3142(f)(1)(C), which section 3143 incorporates, refers to "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." **18 U.S.C. § 3142(f)(1)(C).** In this case, Defendant indeed pled guilty to a Controlled Substances Act crime, which bore a minimum of ten years' imprisonment. *See* **21 U.S.C. § 841(a)(1) & (b)(viii) (providing that a person who possesses with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life).**

In the instant motion, Defendant does not appear to contest that her detention pending sentencing was proper under what she describes as a "strict" application of section 3143. **Notice of Appeal, *supra*, at 2.** She also offers no evidence that either of the conditions listed in subsection (a)(2)(A) exist in this case.[2] Nonetheless, she argues that, at the time she entered her guilty plea, the policy in this District was that decisions about release pending sentencing would rest within the Magistrate Judge's discretion. "Because she entered a plea and her bond was set prior to this District's policy change," she contends, "her conditions of bond should be set as if the former policy were in effect. Holding otherwise would punish qualified individuals for an administrative policy change." *Id.* **at 3.**

By challenging what amounts to retroactive application of the District's change of policy, Defendant appears to be making a species of *ex post facto* argument. In order to violate the Constitution's Ex Post Facto Clause, however, a retroactive change in policy must create a sufficient

---

[2] As Defendant meets neither of the two alternate conditions for release under section 3143(a)(2)(A), the Court need not reach the question of whether Defendant meets the second mandatory condition under subsection (B). ***See United States v. Irvin*, 2 F.3d 72, 73 n. 1 (4th Cir.1993) (noting that both subsections (A) and (B) of § 3143(a)(2) must be satisfied in order to grant release pending sentencing).**

risk that a prisoner's punishment will be increased.  *See* **U.S. Const. art. 1, § 10, cl. 1;** *Otto v. Warden, FCI-Allenwood*, 209 F. App'x 149, 152 (3d Cir. 2006) (reaching a similar conclusion in the context of a retroactive change in BOP policy).  In this case, Defendant will receive credit against her prison sentence for any time served prior to sentencing, and thus detaining her in custody between plea and sentencing leaves no risk that her punishment will increase.  For this reason, Defendant's argument is without merit.

As Defendant offers no other arguments as to why her detention order should be overturned, her motion will be denied.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's appeal is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's detention order of October 16, 2008, is hereby **AFFIRMED**.

7

Signed: October 24, 2008

Lacy H. Thornburg
United States District Judge